# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RALPH HAROLD WOERNER, JR.,** | } | |
| **Plaintiff,** | } | |
| v. | } | Case No.: CV 04-P-3350-S |
| **CITIFINANCIAL MORTGAGE COMPANY, INC.,** | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

The court has before it Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. #5) filed on January 11, 2005. The motion has been fully briefed and the court heard oral argument on March 3, 2005.

**I.     Relevant Facts**

On or about May 9, 2002, Plaintiff Ralph H. Woerner, Jr. entered into an agreement with Defendant CitiFinancial Mortgage Company, Inc. for the purchase of real property located at 8710 4th Avenue South, Birmingham, Alabama 35206 (the "subject property"). (Doc. # 5, Ex. A.) As part of the purchase of the subject property, Plaintiff executed an Addendum to Contract for Sale agreeing to arbitrate all of his claims against Defendant. (Doc. # 5, Ex. B, at p. 4, ¶ 14.) The arbitration agreement reads in pertinent part as follows:

> **14.     ARBITRATION CLAUSE:** Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.

(Doc. # 5, Ex. B, at p. 4, ¶ 14.) On October 14, 2004, Plaintiff filed this action in the Circuit Court

of Jefferson County, Alabama alleging fraud in the sale of the subject property. Specifically, Plaintiff alleges that "[a]t the time of the purchase [of the subject property], CitiFinancial represented to [Plaintiff] that it was the rightful owner of the subject property" and that there were no liens on the property. CitiFinancial's representation was made with the intent that [Plaintiff] would rely upon it." (Complaint, ¶ 21.) Plaintiff further alleges that "he relied upon CitiFinancial's representation and paid CitiFinancial a total of $27,500 for the subject property." (Complaint, ¶ 23.) Finally, Plaintiff claims that despite those representations there was a lien on the subject property. (Complaint, ¶ 22.) Subsequently, Defendant removed this case to this court based on diversity jurisdiction.

**II.    Discussion**

There is no dispute that the arbitration clause contained in the Addendum to Contract for Sale is subject to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"). "In enacting the FAA, Congress demonstrated a 'liberal federal policy favoring arbitration agreements.'" *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (citation omitted). As such, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Franklin*, 177 F.3d at 947. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)(emphasis in original). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

An arbitration agreement is specifically enforceable under the FAA if the following requirements are met: (1) the existence of a written agreement to arbitrate claims; (2) a nexus to interstate commerce; and (3) coverage of the claims by the arbitration clause. 9 U.S.C. § 2. Plaintiff does not dispute that the requirements to enforce an arbitration agreement under the FAA have been satisfied in this case.[1] Rather, Plaintiff argues that the sales agreement, including the arbitration clause contained therein, was procured by fraudulent means and therefore is void.[2] (Docs. # 7, 9, *citing Shearson Lehman Brother, Inc. v. Crisp*, 646 So. 2d 613 (Ala. 1994)). Plaintiff maintains that the question of whether the sales agreement is void is a matter for the court, not an arbitrator, to decide. (Docs. # 7, 9, *citing Shearson,* 646 So. 2d at 616-18; *Nations Banc Investments, Inc. v. Paramore*, 736 So. 2d 589, 592-94 (Ala. 1999)).[3] Plaintiff's argument is contrary to the law of this

---

[1] Moreover, the court finds that those requirements are satisfied. It is clear that the Addendum signed by Plaintiff contained a written arbitration agreement and that interstate commerce is affected by the transaction of the diverse parties in this case. Finally, the arbitration agreement executed by Plaintiff is unquestionably broad enough in scope to encompass the claims and allegations in this action. "[I]n order to exclude a claim from arbitration, there must be an express provision within the original contract between the parties that excludes a particular grievance." *H.L. Fuller Constr. Co. v. Indus. Dev. Bd.,* 590 So. 2d 218, 222 (Ala. 1991). There is no such exclusion in this case. The claims in this action, as outlined in the "Relevant Facts" portion of this opinion, *supra*, specifically concern and arise out of the purchase of the subject property under the sales contract in which the arbitration agreement was entered.

[2] In support of this argument, Plaintiff contends that Defendant lacked the capacity to sell the subject property to Plaintiff and that, therefore, the sales agreement had no binding effect. Plaintiff claims that Defendant negligently and fraudulently represented that it was the owner and seller of the subject property.

[3] Plaintiff's reliance on the Alabama Supreme Court cases of *Paramore* and *Shearson* is misplaced. Those cases turned on the question of whether a contracting party had the capacity or authority to enter into the contract, *i.e.*, whether the contract ever existed, which is an issue for the court to decide. In this case, however, Plaintiff admits that he entered into the sales contract and has made no allegation, much less produced evidence, that the corporate representative executing the sales contract and addendum on behalf of Defendant lacked the requisite capacity or authority. Moreover, this court is not bound by Alabama law when deciding whether claims are arbitrable. *See*

Circuit.

Pursuant to the FAA, this court may consider only issues relating to "the making and performance of the agreement to arbitrate[]," not issues relating to the making of the contract generally. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). "*Prima Paint's* mandate is that challenges to the validity of the contract as a whole must be presented to the arbitrator." *Rollins, Inc. v. Foster*, 991 F. Supp. 1426, 1431 (M.D. Ala. 1998). Plaintiff's attempt to distinguish *Prima Paint* is unavailing. Plaintiff points to language from the decision which indicates that "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it." Plaintiff's argument fails to recognize, however, that a court may decide only those claims directed to the arbitration clause itself; an arbitrator must decide claims related to the validity of the entire contract. In this case, as noted *infra*, all of Plaintiff's claims are directed to the sales agreement as a whole.[4]

---

*Bess v. Check Express*, 294 F.3d 1298, 1306, n.3 (11th Cir. 2002) (holding that whether the contract was void as illegal is a question for the arbitrator, not the court, and stating that it was not bound by Alabama law in reaching that decision because the issue of the district court's authority under the FAA is a question of federal law).

[4]On February 28, 2005, Plaintiff filed a motion seeking to amend his complaint. The amended complaint that Plaintiff seeks to file contains a section entitled "Plaintiff's Offer to Purchase, Execution of the Sales Contract, and Assent to Arbitrate were Procured by Fraud." Paragraphs 70-76 of the proposed amended complaint make the following assertions:

> 70. Woerner offered to purchase the property, executed the sales contract, and assented to its arbitration provision while induced under a false impression of the risks.
>
> 71. Woerner's belief that CitiFinancial **was** the legal owner and **was** authorized to sell the property induced Woerner to make an offer, execute the sales contract, and assent to arbitration.

4

The Eleventh Circuit has further noted that, "[u]nder normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration. Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract in general." *Chastain v. The Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir.

---

72. Woerner's reliance on CitiFinancial's ownership and authority to sell preceded the execution of the sales contract and his assent to arbitrate by several days.

73. Thus, the offer to buy, sales contract, *and Woerner's assent to arbitrate were procured by fraud* because CitiFinancial was not the legal owner and had no authority to sell the property as CitiFinancial had represented and as Woerner had believed.

74. Woerner alleges that no sound person would make an offer to purchase real property, execute a sales contract, *or assent to arbitration* if it is known that the purported seller is not the legal owner or lacks authority to sell.

75. Thus in the absence of preexisting fraud, Woerner would have made no offer to purchase the property.

76. Accordingly, Woerner would not have executed the sales contract *nor would Woerner have assented to arbitrate disputes relating to the purchase of a property* that CitiFinancial did not own and could not sell.

(Doc. # 12, pp. 9-10, ¶¶ 70-76) (emphasis in original). Nothing in Plaintiff's proposed amended complaint suggests that, outside of his challenge to the entire contract on such grounds, there was fraud in the inducement of the arbitration provision itself. In other words, Plaintiff's allegations regarding fraud in the inducement relate to his broader claim that he would never have entered into the real estate contract and all its provisions (including the arbitration provision) if he had known – as he alleges – that Defendant did not own the subject property. These are matters to be decided by the arbitrator and Plaintiff may include these allegations in his arbitration claim.

5

1992) (citations and footnotes omitted).[5]

Accordingly, claims of fraud directed to the validity of the entire contract cannot be used to avoid a binding arbitration agreement – only those claims which relate *specifically* and *solely* to the arbitration clause itself may be decided by the court. *Jenkins v. First American Cash Advance of Georgia, LLC*, 2005 WL 388269, at * 12-13 (11th Cir. 2005) (finding that where the parties have signed a presumptively valid agreement, the question of whether the agreement is void is one for the arbitrator). In this case, Plaintiff's complaint does not claim fraud in the execution of the arbitration clause itself; in fact, Plaintiff's complaint is completely devoid of any fraud claims directed specifically at the arbitration agreement. As outlined in the "Relevant Facts" portion of this opinion, *supra*, all of Plaintiff's claims in this case are directed at the contract as a whole. Therefore, the Plaintiff's claims in this case are for the arbitrator, not the court, to decide. *See John B. Goodman*

---

[5] Although the *Chastain* court ultimately held that the district court, rather than the arbitrator, would decide the validity of the contracts at issue *in that case*, that holding was unique to the circumstances of the case. In *Chastain*, one of the parties to the litigation never signed the contracts containing the arbitration clauses. 957 F.2d at 854. To the contrary in this case, Plaintiff asserts that the real estate transaction is void, not because he did not sign the sales contract and addendum (*i.e.*, failed to assent to the essential terms of the contract), but because Defendant was not the legal owner of the subject property. Plaintiff has provided no support for his contention that, when a contract for the sale of real estate involves property with a defect or encumbrance on the title, the contract is deemed void. Regardless, Plaintiff's challenge goes to the *validity* of the sales contract, not its *existence*. Accordingly, "this case falls within the 'normal circumstances' described in *Chastain*, where the parties have signed a presumptively valid agreement to arbitrate any disputes, including those about the validity of the underlying transaction." *Bess v. Check Express*, 294 F.3d 1298, 1306 (11th Cir. 2002) (holding that the issue of whether the transactions were void as illegal was for arbitrator, not the court).

*Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094 (11th Cir. 2003).[6]

## III.   Conclusion

Given that all of Plaintiff's claims in this case are subject to arbitration, the court finds that this case is due to be dismissed with prejudice. *See, e.g., Stiles v. Home Cable Concepts, Inc.,* 994 F. Supp. 1410, 1415-1416 and 1418-1419 (M.D. Ala. 1998) (finding that the matter was due to be dismissed with prejudice and sent to arbitration because "[w]here all of the issues raised in a complaint must be submitted to arbitration . . . a dismissal of the action is appropriate, since retaining jurisdiction and staying the action does not serve judicial economy."); *Clayton v. Woodmen of World Life Ins. Soc'y*, 981 F. Supp. 1447 (M.D. Ala. 1997) (same); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that dismissal, rather than a stay, is required, when all of the issues raised must be submitted to arbitration, noting that "[g]iven our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and

---

[6] Alternatively, Defendant maintains that even if Plaintiff could have rescinded the real estate sales contract, he has ratified the Addendum that he now seeks to avoid. The court agrees. "The right to avoid a transaction which is voidable merely, may be lost by express ratification, acquiescence, failure to disaffirm promptly, and laches." *Dusenberry v. First National Bank of Birmingham*, 122 So. 2d 716, 720 (Ala. 1960). "Rescission of a contract on account of fraud . . . must be asserted promptly after the fraud is discovered" and that "[w]hen a party with full knowledge, or at least with sufficient notice or means of knowledge, of his rights, and of all the material facts, freely does what amounts to a recognition of the transaction as existing, . . . or freely abstains for a considerable length of time from impeaching it, . . . there is acquiescence, and the transaction . . . becomes unimpeachable." *Dusenberry*, 122 So. 2d at 722-23 (citations omitted). Here, Plaintiff took possession of the subject property over two and a half years ago, made improvements to the subject property, filed a Notice of Claim against his title insurance policy in order to remove the cloud on the title in order to keep the subject property, and received and accepted a quitclaim deed giving him clear title to the subject property over one and a half years ago. (Doc. # 6, Exs. B, D). Plaintiff's complaint concedes that he was aware of "material facts which [gave] rise to the discovery of fraud in this case . . . on October 30, 2002" - over two years before the filing of the complaint. (Complaint, at ¶ 42.) Therefore, Plaintiff's conduct since entering into the real estate sales contract has ratified any alleged invalidity.

staying the action will serve no purpose."). A separate order will be entered.

**DONE** and **ORDERED** this ____4th____ day of March, 2005.

                                                                                     _____
                                                                                     **R. DAVID PROCTOR**
                                                                                     UNITED STATES DISTRICT JUDGE